Timothy S. Leiman (IL Bar No. 6270153)
Jake Schmidt (IL Bar No. 6270569)
Emily Rothblatt (IL Bar No. 6309226)
Attorneys for Plaintiff
**United States Securities and**
**Exchange Commission**
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390
Fax: (312) 353-7398
leimant@sec.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Securities and Exchange Commission, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 20-cv-1782-DJH |
| v. | ) **PLAINTIFF SEC'S SUMMARY** |
| Gary F. Pryor, ZipRemit, Inc., and Lendaily, Inc., | ) **OF DISCOVERY DISPUTE**<br>) **AND REQUEST FOR LEAVE**<br>) **TO FILE MOTION TO**<br>) **COMPEL** |
| Defendants, | ) |
| Rebecca Cleary Pryor, | ) |
| Relief Defendant. | ) |

Defendants in this case have completely abandoned their discovery obligations. As of today, Defendants Gary Pryor, ZipRemit, Inc., and Lendaily, Inc. (represented by the same counsel) have failed to respond to the following discovery

requests from the SEC:

| SEC Discovery Requests | Dkt. # for LR 5.2 Notice of Service | Response Due Date | Response? |
|---|---|---|---|
| SEC's Document Requests to Defendants Gary Pryor, Lendaily, and ZipRemit | (Dkt. #37.) | 4/26/2021 | NONE |
| SEC's Interrogatories to Defendant ZipRemit | (Dkt. #37.) | 4/26/2021 | NONE |
| SEC's Interrogatories to Defendant Gary Pryor | (Dkt. #38.) | 4/28/2021 | NONE |
| SEC's Interrogatories to Defendant Lendaily | (Dkt. #38.) | 4/28/2021 | NONE |
| SEC's Requests for Admission to Lendaily | (Dkt. #42.) | 5/15/2021 | NONE[1] |
| SEC's Requests for Admission to ZipRemit | (Dkt. #42.) | 5/15/2021 | NONE[1] |

All efforts to confer with counsel about Defendants' delinquent responses have been met with either silence or unfulfilled promises.

Relief Defendant Rebecca Pryor, Gary Pryor's wife, has chosen a similar strategy. She failed to answer the SEC's Amended Complaint and failed to respond to the SEC's Requests for Admission (which were due on May 6, 2021) (*see* Dkt. #39).[1] This comes after a sustained effort by the Pryors to avoid discovery in Rebecca Pryor's related bankruptcy proceeding, *In re Rebecca Cleary Pryor*, No. 20-bk-06671

---

[1] Pursuant to Fed. R. Civ. P. 36(a)(3), Defendants' failure to respond to the SEC's Requests for Admission means that those requests are deemed admitted.

(Bankr. D. Ariz.).

The SEC is now facing a looming August 16, 2021 fact discovery cutoff without having had the opportunity to conduct meaningful discovery related to its fraud claims against Gary Pryor and his entities. Defendants should not be allowed to run out the clock through delay. It is well beyond time for Gary Pryor (and his entities ZipRemit and Lendaily) to participate in the discovery process. Therefore, the SEC, pursuant to Paragraph 6 of the Scheduling Order in this case (Dkt. #24), provides the following summary of this discovery dispute and respectfully requests leave to file a motion to (a) compel responses to the SEC's document requests and interrogatories, and (b) extend the fact discovery deadline so the SEC can conduct meaningful deposition discovery.

## SUMMARY OF DISPUTE

The discovery dispute in this case is simple: Defendants have not responded to any of the SEC's written discovery requests. Answers to the SEC's document requests and interrogatories were due three weeks ago and Defendants have not responded, objected, or proposed an extension.

Unfortunately, this is just the latest in a series of attempts by Gary and Rebecca Pryor to stonewall the SEC's efforts to investigate its fraud claims against Gary Pryor. Before discovery started in this case – as part of its effort to protect the interest of defrauded investors – the SEC tried to take on-the-record examinations of the Pryors in the related bankruptcy proceeding. The Pryors used every means at their disposal to avoid testifying under oath. First, Rebecca Pryor opposed the SEC's

motion for discovery, arguing that the SEC had no interest in the bankruptcy proceeding (despite a previous, unpaid $1.3 million fraud judgment against her husband and the pending multi-million dollar fraud claims in this case). On December 2, 2020, the Bankruptcy Court rejected Rebecca Pryor's arguments and ordered that Gary and Rebecca Pryor (a) produce responsive financial records to the SEC by December 30, 2020 and (b) provide testimony under oath. (*In re Rebecca Pryor*, Dkt. #139, 140.) Undeterred, the Pryors shifted into delay mode, dribbling out documents and pushing back their testimony. (Ex. A, Emails with Defendants re Discovery in Bankruptcy.) After the Bankruptcy Court expressed impatience with their delay tactics, the Pryors tried one last maneuver.

After the SEC added Rebecca Pryor as a Relief Defendant in this action – and over 3 months after the SEC initially sought discovery in the bankruptcy proceeding – Defendants moved to quash the SEC's subpoena. (*In re Rebecca Pryor*, Dkt. #205.) Ironically, the Pryors argued to the Bankruptcy Court that all discovery should take place in this civil action. (*E.g.*, *id*. at 9.) They repeatedly assured the Bankruptcy Court that they would (a) respond to the SEC's discovery requests in this action, and (b) enter into a stipulation in this case to expand the scope of discovery to include matters relating to the bankruptcy. Although the SEC was concerned that the Pryors' maneuver was a ruse to avoid discovery altogether, the SEC ultimately agreed to resolve the discovery dispute and conduct all discovery in this civil action. (See *In re Rebecca Pryor*, Dkt. #217.)

Unfortunately, the SEC's concerns have been realized. None of the Pryors'

4

promises related to discovery have come to fruition. Despite repeated reminders, Gary Pryor <u>still</u> has not executed the stipulation he promised to enter into <u>over 7 weeks ago</u>. Default has been entered against Rebecca Pryor due to her failure to answer the SEC's Amended Complaint. (Dkt. #45.) And, the SEC's discovery requests have been ignored.

Defendants' tactics have stymied the SEC's efforts to conduct meaningful depositions and probe any defenses. For example, the SEC has noticed Fed. R. Civ. P. 30(b)(6) depositions for ZipRemit and Lendaily on June 2-4. Counsel informed the SEC that those entities would designate multiple witnesses to respond to the 30(b)(6) topics and counsel promised to provide a list of those witnesses and the designated topics each witness would cover no later than April 30, 2021. Defendants never followed through with that promise. Now, the SEC will likely have to postpone the depositions because – despite numerous requests from the SEC over the past three weeks – ZipRemit and Lendaily have not (1) produced documents, (2) identified all of their representative witnesses,[2] or (3) identified the topics each witness will be prepared to cover.

In sum, the SEC's diligent efforts to obtain discovery in this case have been

---

[2] In an April 27, 2021 phone conversation, counsel indicated that Gary Pryor would address some unspecified topics for both entities but that additional witnesses would be required to address others.

frustrated at every turn.

## SUMMARY OF EFFORTS TO CONFER UNDER LR 7.2(j)

Pursuant to LR 7.2(j), the SEC has tried, on multiple occasions, to confer with defense counsel about Defendants' failure to participate in discovery. The SEC has called and emailed counsel several times to discuss issues related to Defendants' delinquent discovery – all to no avail. (*E.g.*, Ex. B, Compilation of E-mails to Defendants.) In an April 27, 2021 phone conversation – after the deadlines for some of the SEC's requests already had passed – defense counsel told the SEC that events of a personal nature had delayed Defendants' responses to the SEC's discovery requests. The SEC certainly understands that life events sometimes intervene and appreciates the need for professional courtesy in such instances. So, the SEC told counsel that it would consider reasonable requests for more time, asking only that defense counsel send the SEC proposed extended deadlines for each of Defendants' responses to document requests and interrogatories. Defense counsel agreed and stated that he would provide proposed extended deadlines by April 30, 2021.

Unfortunately, like every other deadline Defendants have faced, April 30 came and went without any timeline for compliance, definite request for extension, or communication of any kind. (*See* Ex. B at p.19.) Despite that, the SEC still tried to get Defendants to confer regarding its outstanding discovery requests in the hope of avoiding motion practice. (Ex. B at pp. 19-20.) But, since the April 27 phone call, Defendants have remained silent. This has prevented the SEC from (a) having a meaningful discussion of Defendants' basis for forgoing discovery responses (under

6

LR 7.2) or (b) obtaining a joint submission summarizing this dispute as envisioned by Paragraph 6 of the Scheduling Order in this case (*see, e.g.,* Ex. C).

    WHEREFORE, the SEC respectfully requests that the SEC be granted leave to file a motion to (a) compel responses to its outstanding document requests and interrogatories, and (b) extend the fact discovery cut-off.

Dated:        May 19, 2021                                        Respectfully submitted,

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

*/s/ Timothy S. Leiman*
By:    One of its Attorneys

Timothy S. Leiman (IL Bar No. 6270153)
Jake Schmidt (IL Bar No. 6270569)
Emily Rothblatt (IL Bar No. 6309226)
**United States Securities and Exchange Commission**
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390
leimant@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2021, I caused copies of the foregoing document to be served on the following:

<u>Via Overnight Courier and Email</u>:

Rebecca Pryor
7001 E McDonald Drive
Paradise Valley, AZ 85253
becpry@aol.com


<u>Via ECF and E-mail</u>:

Mark D. Chester
LAW OFFICES OF MARK D. CHESTER, P.C.
8360 E. Raintree Drive
Suite 140
Scottsdale, Arizona 85260
PHN: 480-922-3939
mchester@mdclawyers.com

*Counsel for Defendants Gary F. Pryor, ZipRemit, Inc., and Lendaily, Inc.*


                                             *s/ Timothy S. Leiman*
                                             Timothy S. Leiman
                                             (leimant@sec.gov)