## Local Rule 7.2(j) Statement

## Plaintiff's Attempts to Resolve This Dispute Without Involving the Court

As set forth in Plaintiff's SEC's Summary of Discovery Dispute and Request for Leave to File Motion to Compel (Dkt. #46), Defendants' responses to the SEC's written discovery requests were due in late April 2021. After Defendant failed to respond to those requests – and failed to respond to multiple SEC communications attempting to meet and confer regarding the discovery dispute –the SEC sought leave to file a motion to compel, and the Court held a telephonic hearing on May 20, 2021. At that hearing, Defendants' counsel represented to the Court that his clients would provide complete responses to the SEC's interrogatories and document requests by June 1, 2021. The Court asked the SEC to alert the Court if a full production was not made by that date.

After the hearing, the parties met and conferred as ordered by the Court. At that time, Defendants' counsel agreed that, by June 1, 2021, Defendants would provide <u>all</u> responsive documents, answer <u>all</u> outstanding interrogatories, and provide availability for <u>all</u> Rule 30(b)(6) witnesses between June 22 and July 16. Plaintiff's counsel memorialized this agreement in an email. (Dkt. #59-1, Exhibit A to Plaintiff SEC's Status Report on Discovery Dispute).

As detailed in the SEC's Status Report on Discovery Dispute and Request for Leave to File Motion to Compel (Dkt. #59), Defendants failed to provide complete responses by the June 1st deadline. Although Defendants produced some information

– and made no objections to the SEC's requests – critical questions were left unanswered and important documents were withheld.

After reviewing Defendants' responses, the SEC sent a letter to Defendants' counsel on June 3, 2021, detailing all of the missing information and other deficiencies. (Dkt. #59-2, Exhibit B to Plaintiff SEC's Status Report on Discovery Dispute). The SEC's June 3, 2021 letter asked Defendants to confer and informed Defendants that it would seek appropriate relief from the Court if the missing information was not provided by the close of business on June 7, 2021. Also on June 3, 2021, the SEC sent a separate email to Defendants' counsel regarding Defendants' problematic Rule 30(b)(6) designations – which designated 13 representative witnesses between the two entities but failed to provide available dates for those depositions. (Dkt. #59-3, Exhibit C to Plaintiff SEC's Status Report on Discovery Dispute). As of June 9, 2021, Defendants had not responded to either the June 3, 2021 letter regarding deficient discovery responses or the June 3, 2021 email regarding the scheduling of depositions. Accordingly, the SEC requested leave to file a motion to compel. (Dkt #59). That same day, the Court granted the SEC leave to file a motion to compel pursuant to Federal Rule of Civil Procedure 37(a). (Dkt. #60).

The SEC was prepared to file a motion to compel on June 16, 2021. That same day, Defendants' counsel produced amended responses to Plaintiff's discovery requests. Defendants' counsel claims that the SEC requested *additional* information and that Defendants supplied that additional information. This is incorrect. The SEC

is seeking information that it requested from the Defendants in March 2021. Although Defendants produced some additional responsive information along with their June 16th revised discovery responses – and have since provided dates for depositions of their 30(b)(6) witnesses – Defendants still have not produced critical information regarding how much money they raised from investors and how they spent that money. Accordingly, the SEC must seek the Court's assistance to compel production of this critical information.

Dated:   June 23, 2021         **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

*/s/ Jake Schmidt*

By: *Jake Schmidt* (IL Bar No. 6270153)
**United States Securities and Exchange Commission**
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
Telephone:  (312) 886-3284
schmidtj@sec.gov