**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States Securities and Exchange Commission, | No. CV-20-01782-PHX-DJH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Gary F Pryor, et al., | |
| Defendants. | |

Pending before the Court is Defendant Rebecca Pryor's Motion to Set Aside Entry of Default (Doc. 56). Plaintiff Securities and Exchange Commission ("SEC") has filed a Response in opposition (Doc. 62), and Ms. Pryor has filed a Reply (Doc. 64).

**I.      Background**

The SEC filed this action in September 2020 against Rebecca Pryor's husband, Defendant Gary Pryor, alleging violations of the Securities Exchange Act of 1934, including its corresponding regulations, and the Securities Act of 1933. (Doc. 1). In March 2021, the SEC amended its Complaint to include Ms. Pryor as a relief defendant because she "directly benefited" from her husband's fraudulent activities. (Doc. 32 at ¶ 8). "Over the past five years, she has received at least $500,000 that Gary prior [sic] misappropriated from investors. She spent at least $150,000 of that ill-gotten investor cash on personal expenses and transferred at least $400,000 back to accounts controlled by Gary and Rebecca Pryor." (*Id.*) In addition to this proceeding, Ms. Pryor is the debtor in an ongoing proceeding before the U.S. Bankruptcy Court. *See In re Rebecca Clearly Pryor*, No. 20-

BK-06671 ("Bankruptcy Proceeding").

Ms. Pryor was served on March 20, 2021. (Doc. 36). Having failed to plead or otherwise defend, the Clerk entered default on Rebecca Pryor on April 29, 2021. (Doc. 45). Since then, the case proceeded against Mr. Pryor and his two companies, but it has been stymied in discovery disputes. These delays began in May, when the SEC filed a Summary of Discovery Dispute and Request for Leave to File Motion to Compel. (Doc. 46). The SEC represented that Defendants had completely failed to respond to certain discovery requests and that Ms. Pryor had failed to respond to the SEC's First Amended Complaint. (*Id.* at 2). The Court subsequently held a hearing on May 20 to discuss the matter. (Doc. 57). During the hearing, counsel for Mr. Pryor represented that his client would comply with the outstanding discovery requests by June 1. (Doc. 57 at 7). A few days after that hearing, on May 28, Ms. Pryor filed her Motion to Set Aside Default. (Doc. 56).

On June 9, the SEC filed a second Notice of Discovery Dispute and also sought leave to file a motion to compel because Mr. Pryor had, again, failed to comply with discovery requests. (Doc. 59). The Court granted leave, and on August 6, the Court granted the SEC's Motion to Compel and Ordered Mr. Pryor to comply with the discovery requests by August 12. (Doc. 68). The day before the Order's deadline, on August 11, counsel for Mr. Pryor moved to withdraw from representation, (Doc. 69), but the Court denied the request without prejudice pending the full production of discovery that has long been sought. (Doc. 72). The deadline came and went, and Mr. Pryor has still failed to comply with all of the SEC's discovery requests. The Court held a second hearing on the matter on August 24. (Doc. 77). There, Mr. Pryor himself said he would comply with the discovery requests by August 27. (Doc. 77).

The Court is aware of discovery disputes in the Bankruptcy Proceeding, in which Ms. Pryor argued that certain discovery should be conducted in this proceeding, not the Bankruptcy Proceeding. (Bankruptcy Proceeding, Doc. 205 at 9). Additionally, in a May 7, 2021, filing, the SEC notified the Bankruptcy Court that Ms. Pryor "has not responded

1 to any of the SEC's communications including inquiries regarding whether she has retained counsel or is acting *pro se* [in the District Court Proceeding]." (Bankruptcy Proceeding, Doc. 218 at 2) (original emphasis).

## II. Legal Standard

Upon a showing of good cause, the Court may set aside an entry of default. Fed. R. Civ. P. 55(c). What constitutes good cause is a matter of this Court's discretion. *See Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Generally, courts consider (1) whether the party engaged inculpable conduct leading to default, (2) whether that party has a meritorious defense, and (3) what prejudice might result to the opposing party. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). The party moving to set aside the entry of default bears the burden of showing these factors favor setting aside an entry of default. *Id.* A court may deny a motion to set aside default if the party fails to meet its burden for any of the three factors. *Id.* (citing *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

## III. Discussion

The Court begins with whether Ms. Pryor engaged in culpable conduct. When a defendant receives actual or constructive notice of the action and intentionally fails to answer as an act of bad faith, then her conduct is culpable. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). Bad faith may include "an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking [sic], or otherwise manipulate the legal process.'" *Id.* (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

Ms. Pryor argues that her failure to respond was not culpable because she believed these proceedings were stayed because of the ongoing Bankruptcy Proceedings. (Doc. 56 at 5). There are many reasons why the Court doubts the sincerity of this belief. To begin, it is plain from the record that these proceedings are not stayed. In addition, there is no merit to Ms. Pryor's argument as to why these proceedings might be stayed. United States

Bankruptcy Code § 362(a) stays certain judicial proceedings, subject to exceptions listed in § 362(b). Importantly, an exception in § 362(b)(4) allows the continuation "of an action or proceeding by a governmental . . . to enforce such governmental unit's or organization's police and regulatory power . . . ." As the SEC points out, it is well established that SEC enforcement actions, even those against relief defendants, fall within this exception. (Doc. 62 at 8) (citing *SEC v. Elmas Trading Corp.*, 620 F. Supp. 231, 240-41 (D. Nev. 1985) (holding that SEC enforcement action was subject to § 362(b)(4) exception), *aff'd*, 805 F.2d 1039 (9th Cir. 1986); *SEC v. First Fin. Grp. of Texas*, 645 F.2d 429, 437 (5th Cir. 1981) ("[T]he SEC's continuing civil enforcement action and the enforcement of the preliminary injunction against First Financial are not stayed under s 362(a)."); *SEC v. Miller*, 808 F.3d 623, 631 (2nd Cir. 2015) (holding that proceedings against a relief defendant do not result in an automatic stay of SEC enforcement proceedings); *SEC v. Earthly Mineral Solutions, Inc.*, 2010 WL 5287523 (D. Nev. Dec. 17, 2010) ("[T]he automatic stay provision does not apply to enforcement actions brought by the Securities and Exchange Commission."). Ms. Pryor's reply fails to cite any contravening authority or even argue why this matter is distinguishable.

Instead, Ms. Pryor argues that even whether "these beliefs were correct or even reasonable is immaterial to the threshold consideration of whether Ms. Pryor acted in bad faith." (Doc. 56 at 5). She cites no legal authority in support of this position. Even if the Court believed that Ms. Pryor thought proceedings in this Court were stayed, a quick check of the docket would have revealed that they are not. In addition, Ms. Pryor herself argued before the Bankruptcy Court that certain discovery should be conducted in this proceeding. (Bankruptcy Proceeding, Doc. 205 at 9). She would, therefore, have attempted to delay discovery by moving to what she says she thought was a stayed proceeding, which is plainly a manipulation of the legal process and an act of bad faith. *See Signed Pers. Check No. 730*, 615 F.3d at 1092.

Ms. Pryor finally argues that she was under the impression that her husband's counsel, Mr. Mark Chester, would file an answer for her. (Doc. 56 at 6). The Court has

reason to doubt this excuse. The SEC has filed an April 8, 2021, email sent to both Ms. Pryor and Mr. Chester, in which the SEC asks whether she will be represented by Mr. Chester or will be proceeding *pro se*. (Doc. 62-1 at 6–7). In addition, on May 7, the SEC filed notice on the record in the Bankruptcy Proceeding that it had not been able to determine whether Ms. Pryor was proceeding with counsel or *pro se*. (Bankruptcy Proceeding, Doc. 218 at 2). The Court notes that Ms. Pryor is represented by counsel in the Bankruptcy Proceeding, and so was plainly on notice of questions regarding her representation in this proceeding.

Ultimately the Court finds that Ms. Pryor has not overcome her burden to demonstrate that she did not engage in culpable conduct. The record evidences a pattern of delay and obfuscation on the part of Ms. Pryor and her husband. Ms. Pryor has not shown that her failure to respond has been anything but continued efforts to "take advantage of the opposing party, interfere with judicial decisionmaking [sic], or otherwise manipulate the legal process." *Signed Pers. Check No. 730*, 615 F.3d at 1092.

## IV.   Conclusion

The Court need not continue with an analysis of the remaining factors. *See Franchise Holding II*, 375 F.3d at 925. Ms. Pryor has not shown that the default was the result of anything but culpable conduct.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rebecca Pryor's Motion to Set Aside Entry of Default (Doc. 56) is **DENIED**.

Dated this 13th day of September, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge