1
2
3
4
5
6      IN THE UNITED STATES DISTRICT COURT
7         FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>  Plaintiff,<br><br>v.<br><br>Rebecca Cleary Pryor,<br><br>  Defendant. | No. CV-20-01782-PHX-DJH<br><br>**CONSENT JUDGMENT** |

Pending before the Court is Plaintiff's Motion for Entry of Final Judgment as to Relief Defendant Rebecca Cleary Pryor (Doc. 92). Defendant Rebecca Cleary Pryor has consented to the entry of the proposed Judgment. (Doc. 92-2). "Unless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved." *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). Upon review, the Court finds the proposed Judgment is fair, adequate, and reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (Doc. 92) is **granted**. The Clerk of Court shall kindly enter the following Judgment as to Defendant Rebecca Cleary Pryor and terminate this matter.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**IT IS FURTHER ORDERED** as follows:

/ / /

**FINAL JUDGMENT AS TO RELIEF DEFENDANT**
**REBECCA CLEARY PRYOR**

The Securities and Exchange Commission (the "Commission") having filed an Amended Complaint and Relief Defendant Rebecca Cleary Pryor ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

It Is Hereby Ordered, Adjudged, and Decreed that Relief Defendant is liable, jointly and severally with Defendant Gary F. Pryor, for disgorgement of $180,519.21, representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $13,508.55, for a total of $194,027.76. Relief Defendant shall satisfy this obligation by paying $194,027.76 to the Securities and Exchange Commission within 30 days after the lifting or expiration of the automatic stay in *In re Rebecca Cleary Pryor*, No. 20-bk-06671 (Bankr. D. Ariz.)("Bankruptcy Case").

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and

name of this Court; Rebecca Cleary Pryor as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant. The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days after the lifting or expiration of the automatic stay in the Bankruptcy Case. Relief Defendant shall be liable for post judgment interest on any amounts due 30 days after the lifting or expiration of the automatic stay in the Bankruptcy Case pursuant to 28 U.S.C. § 1961.

**II.**

It Is Further Ordered, Adjudged, and Decreed that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

**III.**

It Is Further Ordered, Adjudged, and Decreed that (i) solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Amended Complaint are true and deemed admitted by the Relief Defendant and that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant's spouse, Gary Pryor, under his Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any

regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19); (ii) any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant's spouse, Gary Pryor, under his Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding is a community claim as defined under applicable state or federal law, including but not limited to Sections 101(10)(C) and 541(a)(2) of the Bankruptcy Code, 11 U.S.C. §101(10)(C) and 541(a)(2); and (iii) with regard to any debt excepted from discharge pursuant to Section 523 of the Bankruptcy Code, the protection of after-acquired community property does not apply to Relief Defendant's interest in community property as set forth in applicable state or federal law, including but not limited to Section 524(a)(3) of the Bankruptcy Code, 11 U.S.C. §524(a)(3).

Dated this 25th day of January, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge